```
            IN THE UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION


CHRISTINE MUNIZ,                    )  Case No. 24 C 5948
                                    )
            Plaintiff,              )
                                    )
      v.                            )
                                    )
CITY OF CHICAGO, CHICAGO            )
POLICE DETECTIVE CHARLES            )
HERNANDEZ, CHICAGO POLICE           )
DETECTIVE JOHN HENDRY,              )
UNKNOWN OFFICERS, COOK COUNTY       )
MEDICAL EXAMINER'S OFFICE           )
LATANJA M. WATKINS,                 )  Chicago, Illinois
                                    )  August 14, 2025
            Defendants.             )  9:31 a.m.

        TRANSCRIPT OF PROCEEDINGS - TELEPHONIC STATUS
           BEFORE THE HONORABLE THOMAS M. DURKIN

APPEARANCES:

For the Plaintiff:      FRANKFORT LAW GROUP
                        BY:  MR. CHRISTOPHER M. JAHNKE
                        10075 W. Lincoln Highway, Floor 1
                        Frankfort, Illinois 60423



For Defendant           CITY OF CHICAGO, DEPARTMENT OF LAW
City of Chicago:        BY:  MS. SIMERDEEP KAUR
                        2 N. LaSalle Street, Suite 420
                        Chicago, Illinois 60602



For Defendants          CITY OF CHICAGO, DEPARTMENT OF LAW
Hernandez and Hendry:   BY:  MR. TYLER D. MICHALS
                        2 N. LaSalle Street, Suite 420
                        Chicago, Illinois 60602
```

```
 1   APPEARANCES (Cont'd):
 2
     For the Cook County     COOK COUNTY STATE'S ATTORNEY'S OFFICE
 3   Defendants:             BY:  MR. EDWARD M. BRENER
                             50 W. Washington Street, 5th Floor
 4                           Chicago, Illinois 60602
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
     Court Reporter:         ELIA E. CARRIÓN, RPR, CRR, CRC
20                           Official Court Reporter
                             United States District Court
21                           219 S. Dearborn Street, Room 1432
                             Chicago, Illinois 60604
22                           312.408.7782
                             Elia_Carrion@ilnd.uscourts.gov
23
                                 *   *   *   *   *
24
                    PROCEEDINGS REPORTED BY STENOTYPE
25       TRANSCRIPT PRODUCED USING COMPUTER-AIDED TRANSCRIPTION
```

1        (Proceedings heard telephonically:)
2              THE CLERK:  The next case is 24 CV 5948, Muniz v. City
3    of Chicago.
4              May I please ask the attorney present on behalf of the
5    plaintiff to state their name.
6              Do we have plaintiff's counsel in Muniz v. City of
7    Chicago, 24 CV 5948?
8              How about on behalf of the City of Chicago?
9              MS. KAUR:  Yes.  Simerdeep Kaur on behalf of the City
10   of Chicago.
11             THE CLERK:  And on behalf of -- sorry -- Defendant
12   Hernandez.
13             MR. MICHALS:  Good morning.  Tyler Michals on behalf
14   of Hendry and Hernandez.
15             THE CLERK:  All right.  And on behalf of Defendant
16   Cook County.
17             MR. BRENER:  Good morning, Your Honor.  Edward Brener,
18   B-R-E-N-E-R.  I represent Cook County, the Cook County Medical
19   Examiner's Office, and Latanja Watkins.
20             THE COURT:  All right.  Does anyone know where
21   Mr. Jahnke is?
22             Mr. Jahnke, are you on the line?
23             MR. BRENER:  No, Your Honor.
24             THE COURT:  Is your phone muted, perhaps?
25             All right.  I have another case -- couple cases up.

1  Would someone mind -- maybe Ms. Kaur, would you mind calling
2  Mr. Jahnke and telling him we're waiting?
3        MS. KAUR:  Yes, Your Honor, I will give him a buzz.
4        THE COURT:  All right.  Thank you.
5        If everyone else can remain on the line, I'll call a
6  few more cases, and we'll come back to this case.  Thank you
7  for your patience.
8     (Pause.)
9        THE CLERK:  Recalling 24 CV 5948, Muniz v. City of
10 Chicago.
11       May I please ask the attorney present on behalf of the
12 plaintiff to state their name.
13       MR. JAHNKE:  Christopher Jahnke.
14       THE CLERK:  All right.  And --
15       THE COURT:  All right.  And we -- we called all the
16 other names before, but we've got Ms. Kaur for the City;
17 Mr. Michals for Defendants Hernandez and Hendry; and Mr. Brener
18 for Cook County, Watkins, and the Medical Examiner's Office.
19 So we have everyone here.
20       We have a pending motion to dismiss that's been filed
21 by all the defendants.  It's been fully briefed and we're
22 looking at it.
23       I simply have a question for the defendants.  I -- in
24 going through the facts as alleged in the case, after the
25 discovery of Mr. Carroll's body, the son of Ms. Muniz,

1   Ms. Muniz learned that the Chicago Police Department had
2   possession of his phone.  At some point not specified in the
3   complaint, an unknown police officer told her she could
4   retrieve the phone, but when she arrived at the station,
5   Defendant Officer Hernandez refused to give it to her.  Per the
6   allegations, belittled her and placed his hand on his gun so as
7   to threaten her.  Simply an allegation.
8           After being told by another unknown officer that the
9   Defendant Detective Hendry had to release the phone to her,
10  Muniz spoke to Hendry who said he needed a phone bill or some
11  other document to identify the phone.  When Muniz returned with
12  the documentation, Hendry told her the phone was at ERPS and
13  could not be returned because it was evidence.
14          Sometime in 2023, Hernandez and Hendry told Muniz she
15  could retrieve the phone, but when she went to the station as
16  directed, she was told she could not have it because it was
17  either in a different location or she needed certain paperwork.
18          In March 2024, Sergeant Guzman, who's heading an
19  internal investigation related to this matter, told Muniz
20  exactly how she could retrieve the phone from ERPS.  After
21  visiting ERPS as directed, learning she did not have the proper
22  form, obtaining the form, and returning it in April 2024, Muniz
23  was told by an unknown officer that "the phone is not here and
24  never was."  And the phone has not been returned to Muniz to
25  date.

1	I think this is directed to the City, Ms. Kaur, or if
2	any other attorney wants to pipe in, just make sure you state
3	your name.
4	But, Ms. Kaur, does the City have the phone?
5	MS. KAUR: Yes, Your Honor.
6	THE COURT: Why don't you return it?
7	MS. KAUR: We attempted to return it. There was a
8	legal hold on the phone. The legal hold had to be lifted. In
9	an attempt to settle this case, we did try to return it, but
10	that didn't go anywhere with plaintiff's counsel.
11	THE COURT: What difference does it make to this case
12	whether that phone is returned? If you're holding it hostage
13	to settle the case, I don't think that's right. If it's being
14	held --
15	(Unreportable crosstalk.)
16	THE COURT: Hang on, let me finish.
17	If it's being held for investigative purposes, I'd
18	like to know what it is these many years after her son died.
19	But to hold the phone hostage as a leverage to settle this
20	case, I find distasteful. Your legal arguments are the basis
21	for you to dismiss the case, not to hold the phone of a son who
22	is deceased from what appears to have been a drug overdose or
23	whatever it was. I just find it bizarre and -- and pretty
24	disturbing.
25	Now, someone wanted to say something. Please state

1    your name, and I'll be happy to hear you.
2            MR. JAHNKE:  This is Christopher Jahnke, plaintiff's
3    counsel.
4            And that was my exact comment to defense counsel when
5    they made that offer to settle the case.  If -- if -- they
6    said, you know, if -- if you dismiss the case, we'll return the
7    phone.  And those were my exact comments, Judge, and that is
8    the exact reason why the case did not settle, because that
9    point-blank offended my client to a degree where I had to take
10   several days to calm her down that that was their offer to
11   settle the case.
12           THE COURT:  Ms. Kaur, your legal arguments are not
13   diminished in any way whether that phone is returned or not.
14   The ethical obligations and the humanitarian obligations of
15   returning the phone far outweigh any other consideration.
16   And as a practical matter, if it's going to settle the case if
17   you return it, good for everyone.
18           We'll rule on this motion straight up, believe me.
19   But I'm just -- I find it offensive that this thing is not
20   returned, beyond the scope of, you know, whether it's a way to
21   settle the case or not.  It just makes no sense to me.
22           Is -- Ms. Kaur, is that the position of the City?  Do
23   you want to revisit this with a supervisor?  And if that's
24   still the position of the City, I'd like to have another
25   phone call on this later today with that supervisor on the

1  phone.

2  MS. KAUR: I understand what the -- the Court is
3  saying. I will definitely revisit this issue with somebody at
4  the City that can authorize this. I will say that the phone
5  was not returned for a very long time because there was a hold
6  on the phone because it was a death investigation. I did get
7  through all the steps to get that hold lifted.

8  And so I -- again, Your Honor, I -- I hear what you're
9  saying, and I will definitely discuss with somebody at the
10 office and reach out to plaintiff's counsel regarding the
11 issue.

12 THE COURT: All right.

13 MS. KAUR: And if you -- uh-huh.

14 THE COURT: All right. Well, I -- and you're the
15 messenger. I don't mean to be sharp with you. There's
16 bureaucracy involved. But I think the time for the
17 investigative hold has probably long since passed, and I
18 will -- here's what we'll do.

19 I'd like you, copying everyone else, to give me the
20 position of the City on whether or not this is going to be
21 returned or not in an email to my courtroom deputy by a week
22 from today. And depending on what I hear in that -- and if
23 there is a return of the phone and that is going to likely
24 settle the case, I need to know that so we're not working on
25 the motions.

1                   If there is a failure to return the phone for whatever
2      reason, we will have you back on the phone.  But I'd like the
3      person who made that decision within your office on the line if
4      we schedule another call.
5                   So any questions on that, Ms. Kaur?
6                   MS. KAUR:  No, Your Honor.
7                   THE COURT:  Okay.  Anything else by anyone?
8                   UNIDENTIFIED SPEAKER:  No.  Thank you, Your Honor.
9                   THE COURT:  Okay.  Thank you all.
10          (Concluded at 9:45 a.m.)
11
12                              *   *   *   *   *
13           I certify that the foregoing is a correct transcript of
14     the record of proceedings in the above-entitled matter.
15
16     */s/ Elia E. Carrión*                    *9th of November, 2025*
17     Elia E. Carrión, RPR, CRR, CRC
       Official Court Reporter
18
19
20
21
22
23
24
25